**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| ERIC F. HARTMAN, | Case No.  5:25-cv-09816-BLF |
| Plaintiff, | |
| v. | **ORDER GRANTING MOTION TO SET ASIDE DEFAULT** |
| KOSHY P. GEORGE, et al., | |
| Defendants. | [Re: ECF No. 25] |

United States District Court
Northern District of California

Before the Court is Defendant Lynn Kuehn's motion to set aside default.  ECF No. 25 ("Mot.").  Pro se Plaintiff Eric F. Hartman has not filed an opposition brief.  The matter is suitable for decision without oral argument; the Court VACATES the hearing set for April 9, 2026. *See* Civ. L.R. 7-1(b).  The motion is GRANTED.

Mr. Hartman served Ms. Kuehn on November 11, 2025.  ECF No. 13.  On December 18, 2025 (one day after Ms. Kuehn's deadline to file a responsive pleading), Ms. Kuehn moved to dismiss.  ECF No. 10.  Mr. Hartman then moved for clerk's entry of default.  ECF No. 11.  The Clerk of Court entered default as to Ms. Kuehn on December 22, 2025.  ECF No. 15.  Counsel for Ms. Kuehn has filed a sworn declaration stating that he was mistakenly instructed that the deadline was December 18, 2025, and did not double-check the number of days due to other professional obligations.  ECF No. 25-1 ¶ 8.  Counsel emailed both the Court and Mr. Hartman (who is an attorney representing himself) that he would file a responsive briefing by December 18, 2025. *Id.* ¶¶ 9, 10.

Under Federal Rule of Civil Procedure 55(c), "[t]he court may set aside an entry of default for good cause."  Good cause is established when the defendant demonstrates that (1) the default was not the result of culpable conduct, (2) the defendant has a meritorious defense, and (3) setting

aside the default would not result in prejudice to the plaintiff. *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001), *as amended on denial of reh'g and reh'g en banc* (May 9, 2001). Although the same test governs motions to set aside entry of default and motions for relief from final default judgment under Federal Rule of Civil Procedure 60, the test is "more liberally applied in the Rule 55(c) context." *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 n.1 (9th Cir. 2010).

Ms. Kuehn has demonstrated good cause. First, as here, where "a defendant's conduct was not 'culpable,' then her failure to respond to a lawsuit is ordinarily 'excusable.'" *Maciel Builders LLC v. US Framing Int'l LLC*, No. 19-cv-03660-BLF, 2020 WL 553942, at *2 (N.D. Cal. Feb. 4, 2020) (citation omitted). There is no indication here that Ms. Kuehn acted in bad faith—counsel's declaration avers an honest mistake. *Cf. Mesle*, 615 F.3d at 1092. Second, based on a cursory review of Ms. Kuehn's motion to dismiss, the Court concludes she has cleared her "minimal" burden in establishing a meritorious defense. *Id.* at 1094. Third, in the absence of any opposition or evidence to the contrary, the Court finds no prejudice to Mr. Hartman from setting aside the default.

For the reasons above, the motion is GRANTED. This order terminates ECF No. 17 and ECF No. 25.

**IT IS SO ORDERED.**

Dated:  January 29, 2026

_____
BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California

2