**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| ERIC F. HARTMAN, | Case No. 5:25-cv-09816-BLF |
| Plaintiff, | |
| v. | **ORDER GRANTING MOTION TO SET ASIDE DEFAULT** |
| KOSHY P. GEORGE, et al., | [Re: ECF No. 36] |
| Defendants. | |

Before the Court is a motion by Defendant County of Santa Clara, who states that it has been erroneously sued as Santa Clara County District Attorney's Office ("DAO"), to set aside default. ECF No. 36 ("Mot."); ECF No. 44 ("Reply"). Pro se Plaintiff Eric Hartman filed an untimely opposition to the motion. ECF No. 43 ("Opp."). The Court VACATES the hearing set for April 30, 2026, because the matter is suitable for decision without oral argument. *See* Civ. L.R. 7-1(b). The motion is GRANTED.

On December 18, 2025, Mr. Hartman filed a returned and executed summons indicating that the summons, complaint, and civil cover sheet were delivered by hand on Dina Garcia on November 26, 2025. ECF No. 14. He requested entry of default as to DAO the same day. ECF No. 18. On December 22, 2025, the Clerk entered default against DAO. ECF No. 16. On January 12, 2026, counsel for DAO contacted Mr. Hartman (who is an attorney representing himself) by email and asked if he would withdraw his default request, and he did not respond. *See* ECF No. 36-1 ("Burg Decl.") ¶ 2.

Under Federal Rule of Civil Procedure 55(c), "[t]he court may set aside an entry of default for good cause." Good cause is established when the defendant demonstrates that (1) the default was not the result of culpable conduct, (2) the defendant has a meritorious defense, and (3) setting aside the default would not result in prejudice to the plaintiff. *TCI Grp. Life Ins. Plan*

<div style="margin-left:auto; width:fit-content;">United States District Court<br>Northern District of California</div>

*v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001). Although the same test governs motions to set aside entry of default and motions for relief from final default judgment under Federal Rule of Civil Procedure 60, the test is "more liberally applied in the Rule 55(c) context." *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 n.1 (9th Cir. 2010).

DAO has demonstrated good cause. First, as here, where "a defendant's conduct was not 'culpable,' then her failure to respond to a lawsuit is ordinarily 'excusable.'" *Maciel Builders LLC v. US Framing Int'l LLC*, No. 19-cv-03660-BLF, 2020 WL 553942, at *2 (N.D. Cal. Feb. 4, 2020) (citation omitted). DAO reasonably believed that it was not properly served because Ms. Garcia was not authorized to accept service of summons. *See Twin Rivers Eng'g, Inc. v. Fieldpiece Instruments, Inc.*, No. 16-cv-04502-BRO-MRWx, 2016 WL 7479368, at *3 (C.D. Cal. Aug. 10, 2016). This is because the Board of Supervisors has designated the Clerk of the Board as the official responsible for receiving and filing on behalf of the Board. *See* Cal. Gov. Code §§ 25100.5, 25101; County Charter, art. II § 200; County Ordinance Code tit. A, div. A5, ch. II § A5-18. In any case, there is no indication here that DAO acted in bad faith. *Cf. Mesle*, 615 F.3d at 1092.

Second, the Court concludes that DAO's defense that it is not a proper defendant because it is a department of the County clears the "minimal" burden in establishing a meritorious defense. *Mesle*, 615 F.3d at 1094. Third, in the absence of any opposition or evidence to the contrary, the Court finds no prejudice to Mr. Hartman from setting aside the default. Even if the Court were to consider Mr. Hartman's untimely opposition, his argument that he would be prejudiced by "violat[ion] [of his] procedural right to enforcement" is unpersuasive. Opp. at 5.

Additionally, Mr. Hartman is advised that briefs and other filed papers must be double-spaced in compliance with the Court's local rules. *See* Civ. L.R. 3-4(c)(2). Future noncompliant filings will be stricken from the docket. For the foregoing reasons, IT IS HEREBY ORDERED that DAO's motion is GRANTED. This order terminates ECF No. 18 and ECF No. 36.

Dated: March 18, 2026

_____
BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California

2