**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| ERIC F. HARTMAN, | Case No.  5:25-cv-09816-BLF |
| Plaintiff, | |
| v. | **ORDER GRANTING MOTION TO DISMISS** |
| VINCENT DOCTOR, et al., | [Re:  ECF Nos. 64, 65] |
| Defendants. | |

Plaintiff Eric Hartman, an attorney proceeding pro se, filed this action against his neighbors Koshy George and Lynn Kuehn, California State Senator Dave Cortese, Santa Clara Superior Court Judge Evette Pennypacker, Santa Clara Assistant District Attorney Vincent Doctor, and the County of Santa Clara.  ECF No. 23 ("Compl.").  On April 13, 2026, the Court dismissed all claims against Mr. George, Ms. Kuehn, Senator Cortese, and Judge Pennypacker with prejudice.  ECF No. 57 ("Order").  ADA Doctor and the County of Santa Clara (together, "Defendants")[1] now move to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), or, in the alternative, to strike the complaint pursuant to California Code of Civil Procedure § 425.16.  *See* ECF No. 64 ("Strike Mot."); ECF 65 ("MTD"); ECF No. 68 ("Reply").  Mr. Hartman opposes the motion.  ECF No. 67 ("Opp.").  The Court finds the matter suitable for decision without oral argument and VACATES the hearing set for August 20, 2026.  *See* Civ. L.R. 7-1(b).

For the following reasons, the Court GRANTS the motion.

---

[1] The Court extended Defendants' time to respond to the complaint because they were served after Mr. George, Ms. Kuehn, Senator Cortese, and Judge Pennypacker.

United States District Court
Northern District of California

## I.    BACKGROUND

As the Court explained in its prior order, *see* Order at 1–2, Mr. Hartman's complaint is difficult to parse but is essentially based on a series of state court actions he brought against Mr. George and Ms. Kuehn, over which Judge Pennypacker presided.  Compl. ¶¶ 34–35, 38. Mr. Hartman alleges that ADA Doctor, Judge Pennypacker, and Senator Cortese entered a conspiracy against him because Senator Cortese's staff improperly contacted Judge Pennypacker's staff regarding Mr. Hartman's conduct toward Mr. George (i.e., Senator Cortese's constituent) and Judge Pennypacker engaged in "stealing cases" by consolidating the state court lawsuits that Mr. Hartman filed.  *Id.* ¶¶ 53, 61.

ADA Doctor's connection to this alleged conspiracy is quite unclear.  ADA Doctor is an assistant district attorney involved in the prosecution of a criminal action against Mr. Hartman. Compl. ¶ 9.  Based on the alleged circulation by Judge Pennypacker's staff of the email from Senator Cortese's staff, Mr. Hartman alleges that ADA Doctor, Judge Pennypacker, and Senator Cortese "became *Bias* [sic] and *no longer impartial* in their legal capacities towards plaintiff Hartman thus depriving [him] under Color of Law of his Constitution [sic] Right to a Fair Hearing before an Impartial Judge and also a Fair Prosecution/Prosecutor."  *Id.* ¶ 45.

Mr. Hartman avers that evidence of the "[c]rimes against governmental authority [sic] . . . evidencing disqualifying bias or prejudice and lack of impartiality" is set forth in exhibits 15 and 16 attached to the complaint.  Compl. ¶¶ 45–47.  The Court previously summarized these exhibits as follows:

> Exhibit 15 apparently depicts Mr. George's "unlawful . . . April 23, 2025[,] email . . . entreating Legislative Branch – State Senator Dave Cortese to entreat adverse Judicial Action Against Hartman" by complaining about Mr. Hartman's conduct.  Compl. ¶ 47; *see also id.* Ex. 15.   Exhibit 16 apparently depicts an email from Senator Cortese's staff to Judge Pennypacker's staff regarding "contact[] by a constituent . . . indicating difficulties with his next door neighbor," which, "[o]ut of an abundance of caution, and to avoid any concern of ex parte communications, [Judge Pennypacker] . . . forward[ed] . . . to the parties."  *Id.* Ex. 16.  Mr. Hartman alleges that, when he asked Judge Pennypacker "about this *Ex Parte Communication* [she] shouted '*I will not discuss it*[.]'"  Compl. ¶ 67.

Order at 3.  Exhibit 16 shows that ADA Doctor was also copied to that email.

The complaint asserts (1) violation of the Tom Bane Civil Rights Act, Cal. Civ. Code

2

§ 52.1 ("Bane Act"), *see* Compl. ¶¶ 29–43; (2) deprivation of his state and federal constitutional rights under 42 U.S.C. § 1983, *see id.* ¶¶ 44–72; and (3) injunctive relief prohibiting certain Defendants from bringing state criminal charges against him, *see id.* ¶¶ 73–75.

## II.    LEGAL STANDARD

A motion to dismiss for lack of subject matter jurisdiction tests whether a complaint alleges grounds for federal subject matter jurisdiction. "A plaintiff suing in a federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment." *Smith v. McCullough*, 270 U.S. 456, 459 (1926). A jurisdictional challenge may be facial or factual. *Safe Air for Everyone v. Meyer,* 373 F.3d 1035, 1039 (9th Cir. 2004). In evaluating a facial attack, the Court determines whether the allegations contained in the complaint, taken as true, are sufficient on their face to invoke federal jurisdiction. In evaluating a factual attack, the existence of disputed material facts does not preclude the Court from evaluating for itself the merits of jurisdictional claims. *See Warth v. Seldin,* 422 U.S. 490, 501 (1975); *Safe Air for Everyone,* 373 F.3d at 1039.

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A defendant may move to dismiss an action pursuant to Rule 12(b)(6) for failure to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556). "[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Ashcroft*, 556 U.S. at 678).

If the Court determines that the complaint should be dismissed, it must then decide whether to grant leave to amend.  Although Federal Rule of Civil Procedure 15(a) gives the trial court discretion over this matter, the Ninth Circuit has explained that leave to amend "should be freely granted when justice so requires," bearing in mind that "the underlying purpose of Rule 15 . . . [is] to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (first alteration in original) (first quoting Fed. R. Civ. P. 15(a), then quoting *Noll v. Carlson,* 809 F.2d 1446, 1448 (9th Cir. 1987)). "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment." *Eminence Capital, L.L.C. v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).  In deciding whether to grant leave to amend, the Court considers the factors set forth by the Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962), and discussed at length by the Ninth Circuit in *Eminence Capital*.  The Ninth Circuit in *Eminence Capital* identified several factors to consider, including (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendment, (4) undue prejudice to the opposing party, and (5) futility of amendment.  316 F.3d at 1052.

## III.   DISCUSSION

Defendants argue that Mr. Hartman's § 1983 claim and injunctive relief claim are barred by the Eleventh Amendment because they are based on ADA Doctor's actions in his capacity as an assistant district attorney and that Mr. Hartman's Bane Act claim is barred for failure to comply with the Government Claims Act.  MTD at 5–6.[2]

### A.  Federal Claims

"The Eleventh Amendment bars suits which seek either damages or injunctive relief

---

[2] As with the prior motion to dismiss, Mr. Hartman does not address Defendants' arguments. Instead, he renews his argument that it is impermissible to file motions to dismiss (and in this case to strike) on different grounds.  *See* Opp. at 6 ("As a matter of law and operation of law, Defendants CCP § 425.16 Anti-SLAPP Motion constitutes their FRCP 12(b)(6) Motion to Dismiss the entire First Amended Complaint and as set forth above the Defendants' Anti-SLAPP Motion is treated as Defendants' FRCP 12(b)(6) Motion to Dismiss and fails and thus also resolves the second FRCP 12(b)(6) Motion to Dismiss as also being denied. The Motion to Dismiss the entire First Amended Complaint only has one life and not two.").  As the Court previously explained to him, *see* Order at 7, he is wrong.  In any event, the Court has an independent obligation to assure itself of subject matter jurisdiction.

United States District Court
Northern District of California

against a state, an 'arm of the state,' its instrumentalities, or its agencies." *Franceschi v. Schwartz*, 57 F.3d 828, 831 (9th Cir. 1995).  The Eleventh Amendment's grant of sovereign immunity bars monetary relief against state entities and extends to individual defendants acting in their official capacities.  *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 101 (1984); *Pena v. Gardner*, 976 F.2d 469, 472 (9th Cir. 1992).  There are three exceptions to the Eleventh Amendment bar.  *See Douglas v. Cal. Dep't of Youth Auth.*, 271 F.3d 812, 817 (9th Cir. 2001).  "First, a state may waive its Eleventh Amendment defense."  *Id.*  "Second, Congress may abrogate the States' sovereign immunity by acting pursuant to a grant of constitutional authority."  *Id.*  "Third, under *the Ex parte Young* doctrine, the Eleventh Amendment does not bar a 'suit against a state official when that suit seeks . . . prospective injunctive relief.'"  *Id.* at 817–18 (quoting *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 73 (1996)).

Mr. Hartman's § 1983 claim is based on ADA Doctor allegedly "depriving plaintiff Hartman under Color of Law of his Constitution [sic] Right to a Fair Hearing before an Impartial Judge and also a Fair Prosecution/Prosecutor" based on the email exchange between Judge Pennypacker and Senator Cortese's staff.  Compl. ¶ 45.  As the Court previously explained, "Mr. Hartman . . . appears to more broadly allege some sort of vague structural offense committed by the [ADA Doctor, Judge Pennypacker, and Senator Cortese], complaining that they have violated separation-of-powers principles by conspiring against him."  Order at 7 (citing Compl. ¶¶ 52–60).  ADA Doctor's actual involvement in this scheme is entirely passive; Mr. Hartman alleges that "*Judge Pennypacker* advance[d] . . . Hi-Jacking the Legal and Court System . . . by emailing it to the Executive Branch."  Compl. ¶ 56.

Mr. Hartman's injunctive relief claim is "based on the . . . First and Second Causes of Action and on California Constitution. ART 5 § 13.[3]"  Compl. ¶ 74.  Mr. Hartman further alleges that ADA Doctor has retaliated against Mr. Hartman "in . . . furtherance of the unlawful combined criminal entreaties by the Legislative Branch and Judicial Branch" by a "[r]etaliatory failure to prosecute" his neighbors and a "Retaliatory Prosecution" of Mr. Hartman (presumably, a reference

---

[3] Article V, section 13 of the California Constitution sets forth the powers and duties of the California Attorney General.

United States District Court
Northern District of California

to the state court criminal proceedings against him) because "the Prosecution cannot prove beyond a reasonable doubt" that Mr. Hartman has violated a criminal statute.  *Id.* ¶ 75.

A district attorney acts as a state official when prosecuting defendants.  *Weiner v. San Diego Cnty.*, 210 F.3d 1025, 1031 (9th Cir. 2000).  It is apparent from the face of the complaint that all allegations against DA Doctor, to wit, his passive receipt of an email and prosecutorial decisions, are based on his acting in his official capacity.  Compl. ¶¶ 56, 74–75.  As the Court previously explained, "[t]he fact that the complaint purports to name the State Defendants in their 'individual capacity,' *see* Compl. ¶ 10, does not change this outcome."  Order at 8 (citing *Barrilleaux v. Mendocino Cnty.*, 61 F. Supp. 3d 906, 915 (N.D. Cal. 2014)).

Mr. Hartman's § 1983 claim accordingly is barred by the Eleventh Amendment because it is "no different from a suit against the State itself."  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  To the extent Mr. Hartman's third claim is intended to supply an independent cause of action, it is barred by the abstention doctrine set forth by the Supreme Court in *Younger v. Harris*, 401 U.S. 37, 54 (1971), which compels dismissal of a federal action that would have the practical effect of enjoining an ongoing state court proceeding.  *Younger* compels dismissal here because Mr. Hartman admits the pendency of state criminal proceedings against him, see Compl. ¶ 9, there is no indication that Mr. Hartman would be unable to raise his federal claims in those proceedings, and Mr. Hartman's request for relief seeks to terminate said proceedings.  *See, e.g.*, *San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008).

### B.  State Claims

The Court previously explained that, "[w]hile the complaint asserts that the first cause of action for violation of the Bane Act is also asserted against the State Defendants, the only invocation of the State Defendants is the allegation the Private Defendants caused the State Defendants to deprive Mr. Hartman of 'a Fair Hearing before an impartial Judge' and 'a Fair Hearing and Impartial Prosecutor,' which is essentially a restatement of his second cause of action."  Order at 7 (citing Compl. ¶ 37) *Id.* ¶ 37.  Any Bane Act claim is barred because Mr. Hartman does not allege compliance with the Government Claims Act, which requires any

6

claim against a public entity or its employees "for injury to person" to be presented to the public entity within six months of the injury.  Cal. Gov't Code § 911.2(a); *see also State of California v. Sup. Court*, 32 Cal. 4th 1234, 1240 (2004) ("California statutes or ordinances which condition the right to sue the sovereign upon timely filing of claims and actions are . . . *elements of the plaintiff's cause of action* and conditions precedent to the maintenance of the action." (internal citation omitted)).

### C.  Leave to Amend

The Court lacks subject matter jurisdiction over Mr. Hartman's federal claims and would decline to exercise supplemental jurisdiction over any permutation of Mr. Hartman's injunctive relief claim to the extent it is brought under state law and over Mr. Hartman's Bane Act claim to the extent it is asserted against ADA Doctor.  As to the Bane Act claim, Mr. Hartman has not stated that he could amend to allege timely compliance with the Government Claims Act, so amendment would additionally be futile.  *See* FAC Order at 10.  The Court need not and does not reach Defendants' remaining 12(b)(6) arguments or alternative motion to strike pursuant to California Code of Civil Procedure § 425.16.  Amendment clearly being futile, the Court will not grant leave to amend and will instead dismiss this action against Defendants with prejudice.

## IV.   ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

(1) Defendants' motion to dismiss is GRANTED.

(2) The action is DISMISSED.

(3) The Court will enter judgment for Mr. George, Ms. Kuehn, Senator Cortese, Judge Pennypacker, DA Doctor, and the County of Santa Clara and against Mr. Hartman and direct that this case be closed.

Dated:  June 25, 2026

_____
BETH LABSON FREEMAN
United States District Judge